Argued and submitted September 27, 1993, reversed and remanded for
reconsideration June 22, 1994

## PARKER FURNITURE, INC.,
dba Parker Furniture Design Center,
*Respondent,*

*v.*

The Filings of the
## NATIONAL COUNCIL ON
## COMPENSATION INSURANCE,
*Respondent below,*

*and*

## SAIF CORPORATION,
*Petitioner.*

(91-04-034; CA A77446)

876 P2d 837

Michael O. Whitty, Special Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

O.R. Skopil, III, argued the cause for respondent Parker Furniture, Inc. On the brief were Gordon L. Welborn and Moscato, Byerly & Skopil.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

## DEITS, P. J.

SAIF seeks review of a Department of Insurance and Finance (DIF)[1] final order requiring it to rebill Parker Furniture, Inc., deleting charges for additional workers' compensation premiums. We reverse and remand.

This case arose in the context of a premium audit dispute between Parker Furniture, a wholesale and retail seller of furniture and carpet, and its insurer, SAIF Corporation. During the disputed period of October 1, 1989, to September 30, 1990, Parker Furniture arranged for installation of floor covering bought by its customers, if the customers so requested. Although Parker Furniture also used other installers, it normally arranged the installations with Smyd (installer). SAIF conducted an audit of Parker Furniture and charged it workers' compensation premiums for the amounts paid to installer. Parker Furniture appealed to DIF, arguing that installer was not subject to premium assessment.

DIF determined that installer was a "worker" based on the judicially created "right to control" and "nature of the work" tests. ORS 656.005(28). It then concluded that installer was a nonsubject worker within the meaning of ORS 656.027(7), because he was both an independent contractor, as defined by ORS 670.600, and a sole proprietor. SAIF assigns error to DIF's conclusion that installer was both a worker under ORS 656.005(28) and exempt as a sole proprietor under ORS 656.027(7).

When the basic facts are not in dispute, as is the case here, the question of employee or independent contractor status is one of law. *Woody v. Waibel*, 276 Or 189, 192 n 3, 554 P2d 492 (1976). In its recent opinion in *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 318 Or 614, 872 P2d 1 (1994), the Supreme Court formulated a method of analysis to be followed when determining a person's status for purposes of workers' compensation insurance. First, a determination is to be made as to whether the person is a "worker" under ORS 656.005(28). That statute provides, in pertinent part:

---

[1] Since it issued the order in this case, DIF has been renamed the Department of Consumer and Business Services. *See* ORS 656.005(9).

" 'Worker' means any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

This initial determination incorporates the judicially created "right to control test." 318 Or at 630. Under the Supreme Court's analysis, if a person is not subject to the direction and control of an employer, the person is not subject to workers' compensation coverage because he or she is not a "worker." That is the end of the inquiry.

■      If the person is found to be a "worker," a determination is made as to whether the worker is "nonsubject" under one of the exceptions listed in ORS 656.027. One exception is for sole proprietors; however, the subsection providing for that exception states that "[w]hen labor services are performed under contract, the sole proprietor must qualify as an independent contractor." ORS 656.027(7). "Independent contractor" is defined in ORS 670.600, which sets out a list of criteria, all of which must be met to establish independent contractor status. Here, however, we need look no further than the first standard, which requires that the worker be "free from direction and control over the means of providing the labor or services." ORS 670.600(1). In *S-W Floor Cover Shop*, the court construed that provision to incorporate the same "right to control" test as was used to determine "worker" status; the provision does *not* require a test of "actual control." 318 Or at 630. Consequently, any person who is determined to be a worker under ORS 656.005(28) cannot be an independent contractor under ORS 670.600 and, thus, cannot be exempt as a sole proprietor under ORS 656.027(7).[2]

Applying the Supreme Court's analysis to this case, DIF correctly began the inquiry by evaluating whether installer was a "worker" under ORS 656.005(28). DIF applied the "right to control" test, *Castle Homes, Inc. v. Whaite*, 95 Or App 269, 272, 769 P2d 215 (1989), and, finding that test

---

[2] The Supreme Court recognized that its construction makes ORS 656.027(7) "unnecessary." *S-W Floor Cover Shop v. Natl. Council on Comp. Ins., supra*, 318 Or at 631. Although not explicitly mentioned by the court, its construction also makes ORS 670.600, defining independent contractor, unnecessary in the context of workers' compensation insurance.

inconclusive, applied the "nature of the work" test. *See Reforestation General v. Natl. Council on Comp. Ins.*, 127 Or App 153, 166-67 and n 13, 872 P2d 423 (1994). DIF concluded that because installer was subject to Parker Furniture's direction and control, he was a "worker" during the period in dispute.[3] As discussed above, under the rule set out by *S-W Floor Cover Shop*, it must also follow that installer did not come within the exception for sole proprietors under ORS 656.027(7) and, therefore, was not a "nonsubject" worker.[4] We hold that DIF erred in concluding that installer was a nonsubject worker based on the exemption in ORS 656.027(7).

Reversed and remanded for reconsideration.

---

[3] Parker Furniture does not challenge that finding.

[4] Parker Furniture does not argue that any of the other provisions under ORS 656.027 exempt installer from coverage.