Argued and submitted January 19, reversed and remanded for reconsideration
July 7, 1999

## KAIB'S ROVING R.Ph. AGENCY, INC.,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent.*

## (96-T-0123A; CA A96552)

984 P2d 886

Harvey J. Shulman, *pro hac vice*, Washington, D. C., argued the cause for petitioner. With him on the briefs were Craig A. Etter and Ginsburg, Feldman and Bress, Chartered.

Mary H. Williams, Assistant Solicitor General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## EDMONDS, P. J.

Kaib's Roving R.Ph. Agency, Inc. (Kaib's) seeks judicial review of a final decision by the Employment Department upholding an assessment against it for employment taxes in 1993, 1994 and 1995. We conclude that the Employment Department erred in its application of ORS 670.600 and remand. ORS 183.482(8)(a).

Since 1987, Kaib's has provided licensed pharmacists to Oregon pharmacies in need of temporary relief services. Pharmacists interested in filling temporary vacancies are matched by Kaib's with pharmacies seeking such services. Kaib's has been audited by two state agencies, the Department of Revenue and the Employment Department, to determine whether its pharmacists are properly classified under ORS 670.600 as independent contractors. A Department of Revenue conference officer determined that the pharmacists were independent contractors during 1991. Subsequently, the Employment Department determined that, during 1993 through 1995, the pharmacists were not independent contractors. At issue in this case is the relationship of 54 pharmacists to Kaib's during 1993 through 1995. Some, but not all, of those pharmacists worked through Kaib's in 1991 and were subjects of the Department of Revenue's determination. If the subject pharmacists are employees' of Kaib's, then it is liable for the assessments; if they are independent contractors, then Kaib's is relieved of that responsibility.

The parties present two questions on appeal that bear on that issue: (1) Did the Employment Department err in determining that Kaib's failed to establish that the pharmacists named in the tax assessment were independent contractors under the criteria set forth in ORS 670.600; and (2) did the Employment Department err in concluding that it was not required to give any weight to and was not bound under the doctrine of issue preclusion by the Department of Revenue's determination that the pharmacists working for Kaib's in 1991 were independent contractors under ORS 670.600? Because the answer to the second question affects what evidence the Department was required to consider in

determining whether the pharmacists were employees or independent contractors in 1993 through 1995, we address it first.

In an affidavit dated October 1996, the president of Kaib's stated that "Kaib's has not made any material changes in its operations between 1991 and the present." Three witnesses, who worked for Kaib's in 1991 and in later years, testified that there had been no change in their work relationship or arrangement. Kaib's argues that:

"the overwhelming and uncontroverted testimony— including the testimony from the Employment Department's own witnesses—was that there had been no change in Kaib's relationship with the pharmacists. [Citing to the testimony of the three witnesses.] To conclude that there were differences in the treatment of the workers in a later year, the Employment Department must do more than just say this case involves different years."

The Employment Department ruled that it could completely disregard the evidence of the Revenue Department's determination:

"* * * The appellant contends that since the issue in the Revenue Department proceeding is identical to the issue in this proceeding, and the issue was actually litigated by Revenue and was essential to a final decision on the merits, the Employment Department must adhere to the results of the Revenue proceeding.

"However, the matter before the Department of Revenue conference officer was neither litigated nor the subject of a final decision. The Revenue Department issued a letter following an informal conference with the appellant. The Revenue Department's action did not represent an administrative adjudication and final decision as contemplated by the Oregon Administrative Procedure Act. See ORS 183.413 through 183.480. Even assuming that Revenue's informal process precluded a different result in another forum, the conference letter itself specifically limits the applicability of Revenue's findings to calendar year 1991.

"Nevertheless, the appellant argues that the conference letter should be applied to all future years. The Department of Revenue, however, limited its applicability for very good reasons. No agency, particularly one charged with levying

·and collecting taxes, would make such a ruling applicable to the indefinite future. Obviously things change. Revenue's conference letter, to the extent it could possibly be construed as preclusive, could not, by any stretch of the imagination, be applied to circumstances that arise after the specific dates to which the letter applies. The appellant has cited no statute or appellate court opinion in support of such an application, and the administrative law judge has found none."

ORS 670.600 (1993) provided, in part:[1]

"As used in various provisions of ORS chapters 316 [the revenue code], 656 [workers' compensation law], 657 [unemployment law], and 701 [laws governing construction contractors], an individual or business entity that performs labor or services for remuneration shall be considered to perform the labor or services as an 'independent contractor' if the standards of this section are met[.]"

In *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.*, 318 Or 614, 872 P2d 1 (1994), the court was faced with the issue of how the statutory definition of "independent contractor" in ORS 670.600 affects statutory provisions for determining when a person is subject to Oregon workers' compensation law in ORS chapter 656. The court examined the legislative history underlying the statute and concluded,

"[the] legislative history strongly suggests that the primary purpose of [ORS 670.600] was to achieve uniformity in who qualifies as an independent contractor, so that one who is an independent contractor for purposes of one of the four laws cited above would also be an independent contractor for purposes of the other three laws." 318 Or at 628.[2]

---

[1] ORS 670.600 remained unamended after its enactment in 1989 and during the tax years at issue in this case until it was amended by Oregon Laws 1997, chapter 398, section 2, to encompass ORS chapters 448, laws governing the construction of swimming, water and sewer facilities, and 671, laws governing architects and landscape contractors. *See* Or Laws 1989, ch 762, § 1.

[2] The opinion refers to committee testimony in which it was noted:

"As an example, since the Employment Division laws and our laws are not the same, on many occasions, employers have not provided workers' compensation coverage because the worker was not subject to unemployment tax. With [ORS 670.600], if one of the other agencies determines noncompliance in this area, we should be able to issue our own order of noncompliance without conducting another investigation." 318 Or at 627.

Specifically at issue in *S-W Floor Cover Shop* was whether the phrase "direction and control" in ORS 670.600(1) was a different "actual control" test from the judicially created "right to control" test that historically had been applied in conjunction with ORS 656.005(28). After quoting from the legislative history, the court ruled:

> "Those excerpts, as well as a great deal of discussion in committee not reproduced in this opinion, make it clear that the committee considered at length the 'direction and control' issue and intended the case law interpreting that phrase as used in ORS 656.005(28) to apply to that phrase as used in the independent contractor definition found in ORS 670.600." 318 Or at 630.

The court concluded that the same "direction and control" test appears in both ORS 656.005(28) and ORS 670.600.

■ The holding in *S-W Floor Cover Shop* is instructive in the analysis of whether the Employment Department was required to give weight to or is precluded by the Department of Revenue's determination that the pharmacists working for Kaib's were independent contractors. It is clear from the court's holding that the legislature, when enacting ORS 670.600, intended that there be uniformity and consistency among the enumerated agencies when determining independent contractor status. When the Supreme Court interprets a statute, that interpretation becomes a part of the statute as if it had been included in the statute at the time of its enactment. *Gaston v. Parsons*, 318 Or 247, 252, 864 P2d 1319 (1994). Because the court interpreted ORS 670.600 in *S-W Cover Floor Shop* as intending that an individual who qualifies as an independent contractor for purposes of one of the statutory schemes cited would also be an independent contractor for the purposes of the other cited statutory schemes, the Department of Revenue's determination in this case is necessarily implicated.

■ We examine first Kaib's argument that the doctrine of issue preclusion prevents the Employment Department from making a finding different than that of the Department of Revenue. The general doctrine of issue preclusion can be applied to administrative proceedings. *See North Clackamas School Dist. v. White*, 305 Or 48, 52, 750 P2d 485, *on recons*

305 Or 468, 752 P2d 1210 (1988). Five requirements must be met:

"1.   The issue in the two proceedings is identical.

"2.   The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3.   The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"4.   The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5.   The prior proceeding was the type of proceeding to which this court will give preclusive effect." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (citations omitted).

Here, the Employment Department points out that the years at issue and the employees are not entirely identical and asserts that the matter before the Department of Revenue was not litigated nor the subject of a final decision. Also, the Employment Department correctly reasoned that work relationships by their nature may change over time and that, because circumstances may differ from year to year, issue preclusion would not necessarily operate to bind agencies to past determinations made under ORS 670.600 for different tax periods. However, it is also conceivable that, as Kaib's avers, there were no material changes in its relationships with its pharmacists between 1991 and the years in question.

■   There is nothing in the language of ORS 670.600 that incorporates the doctrine of issue preclusion as the exclusive means of determining whether consistency has been afforded by the subject agencies' determinations. The legislature's directive to agencies to afford consistency in their determinations is broader than just the doctrine of issue preclusion. Even if the doctrine of issue preclusion does not apply, the legislature has indicated its intention that there be uniformity and consistency in holdings among agencies when applying ORS 670.600 to the same employer. It would be contrary to the legislature's intent if the Employment Department could wholly disregard the Department of Revenue's findings and assert its independence from the ruling without

assessing whether its proposed decision would be inconsistent with the Department of Revenue's prior decision.

The Employment Department appears to recognize that aspect of ORS 670.600 when it discusses the application of the Department of Revenue's determination to future years for purposes of tax assessment. However, it then assumes that the ruling has no binding effect on future years without evaluating *whether changes did in fact occur*. We do not understand the record in this case to reveal that the kind of factual consideration that the statute contemplates occurred.

■ Moreover, the Employment Department recognizes the principles of statutory preclusion and statutory presumption, *see, e.g.*, ORS 43.130, ORS 43.140, and OEC 311, but argues that "ORS 670.600 does not create a statutory preclusion that would require the Employment Department to be bound by the Department of Revenue ruling." The statute may not require that one agency to be *bound* by another agency's determination concerning a different year, but agencies are required to act consistently by the statute unless there are material factual distinctions or procedural irregularities that would justify an inconsistency. The Employment Department's argument that it should have latitude to make its own interpretation and application of ORS 670.600 within the context of its statutory mandate apart from considering another agency's determination involving the same employer does not comport with the primary purpose of ORS 670.600 and 670.605[3] to achieve uniformity. *S-W Floor Cover Shop*, 318 Or at 628.

Also, the Employment Department appears to argue that the Supreme Court concluded in *S-W Floor Cover Shop* that the definition of independent contractor in ORS 670.600 could be applied differently, based on other statutory provisions that govern a particular agency. To the contrary, the court's conclusion was that the threshold determination under ORS 656.005(28) of whether an individual is a

---

[3] ORS 670.605 provides:

"In accordance with ORS 183.310 to 183.550, those agencies responsible for the administration of ORS chapters 316, 656, 657 and 701, *jointly* shall adopt rules to carry out the provisions of ORS 670.600." (Emphasis added.)

"worker" governs whether workers' compensation insurance premiums must be paid. *Id.* at 622. Therefore the court reasoned that in a workers' compensation case, the issue of who is a "worker" may make it *unnecessary* to reach the issue of whether the individual is an "independent contractor" under ORS 670.600. *Id.* at 630-31. Those concerns are not present in this case, and nothing in *S-W Floor Cover Shop* can be understood to allow agencies to avoid the mandate that determinations under ORS 670.600 be uniform and consistent.

■    In summary, we interpret ORS 670.600 to require the Employment Department to consider the Department of Revenue's earlier determination and determine whether its later proposed decision is consistent or inconsistent. If it determines that its decision is inconsistent, then it must provide a reasoned explanation why, under ORS 670.600, it is permitted to reach a different determination. That explanation may be that factual distinctions actually require a different result, or that there was an irregularity in the procedure before the Department of Revenue that is material to the Employment Department's determination of the facts in this case, or that there is some other explanation that is consistent with the legislature's intent regarding ORS 670.600. What cannot suffice as a matter of law under ORS 670.600 is the explanation that the Employment Department will not consider itself bound by the Department of Revenue's determination merely because that determination involved a different year or because the Department is entitled to make its own determination independent of any effect of another listed agency's determination. Such reasoning runs counter to the legislature's intention that agencies and employers are entitled to rely on consistent treatment by the enumerated agencies in conducting their business affairs.

Because the Employment Department must reconsider the evidence offered by Kaib's regarding the Department of Revenue's prior determination, we are unable to reach the first question presented by the parties.

Reversed and remanded for reconsideration.