Argued and submitted April 21, affirmed November 17, 2010

Reese BLACKNALL, Jr.,
*Petitioner,*

*v.*

MANPOWER, INC.;
Transportation Insurance Co.;
and Department of Consumer and Business Services,
*Respondents.*

Department of Consumer and Business Services
07072H; A139376

243 P3d 794

Jodie Anne Phillips Polich argued the cause for petitioner. On the briefs was Jacqueline M. Jacobson.

Jerald P. Keene argued the cause and filed the brief for respondent Manpower, Inc.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

No appearance for respondent Transportation Insurance Co.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant seeks review of an order of the Director of the Department of Consumer and Business Services, contending that the director erred in concluding that claimant, who is not covered by private health insurance, is not entitled to interim medical benefits on his denied claim. We affirm.

This case involves the application and interpretation of statutory and regulatory provisions relating to the payment of medical expenses between the time a workers' compensation claim is filed and the time it is either accepted or denied. We begin with a brief description of those provisions to provide context for the particular dispute at issue in this case.

ORS 656.262(6) provides, in part, that, "[e]xcept as provided in ORS 656.247, pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits[.]" That is to say, except as provided in ORS 656.247, an insurer is not required to pay medical benefits pending the acceptance or denial of a claim. ORS 656.262(6).

Three exceptions to that general rule are stated in ORS 656.247(1):

"[P]ayment for medical services provided to a subject worker in response to an initial claim for a work-related injury or occupational disease from the date of the employer's notice or knowledge of the claim until the date the claim is accepted or denied *shall be payable in accordance with subsection (4) of this section* if the expenses are for:

"(a)   Diagnostic services required to identify appropriate treatment or to prevent disability;

"(b)   Medication required to alleviate pain; or

"(c)   Services required to stabilize the worker's claimed condition and to prevent further disability."

(Emphasis added.) Thus, three types of expenses incurred pending acceptance or denial of a claim are payable "in accordance with subsection (4)" of the statute: diagnostic services to identify the worker's condition; medication to alleviate

pain; and services required to stabilize the worker's condition and prevent disability.

The reference to "subsection (4) of this section" refers to ORS 656.247(4), which provides, in part:

"(a)   If the claim in which medical services are provided under subsection (1) of this section is accepted, the insurer or self-insured employer shall make payment for such medical services subject to the limitations and conditions of this chapter.

"(b)   *If the claim in which medical services are provided under subsection (1) of this section is denied and a health benefit plan provides benefits to the worker, the health benefit plan shall be the first payer of the expenses for medical services according to the terms, conditions and benefits of the plan.*"

(Emphasis added.) Thus, if the claim is ultimately accepted, the worker's employer or the workers' compensation insurer pays those medical expenses pursuant to ORS chapter 656. ORS 656.247(4)(a). If the claim is ultimately denied, and if the worker has a health care plan, the health care plan is the first payer of those benefits, and the worker's employer or workers' compensation insurer is required to pay the balance. ORS 656.247(4)(b).

Administrative rules have been adopted to implement ORS 656.247. Those rules provide, in part:

"(3)   If the medical service provider has knowledge that the worker filed a work related claim, the medical service provider shall not collect health benefit plan co-payment from the worker.

"(4)   The medical service provider shall submit a copy of the bill to the workers' compensation insurer in accordance with OAR 436-009-0010, and the health benefit plan(s) in accordance with the plan's requirements.

"(5)   The insurer shall notify the medical service provider when an initial claim is denied.

"(6)   When the claim is denied, the medical service provider shall first bill the health benefit plan(s) with a copy of the workers' compensation denial letter.

"(7)   After payment is received from the health benefit plan(s), the medical service provider may bill the workers' compensation insurer, according to OAR 436-009-0010, for any remaining balance. The provider shall include a copy of the health benefit plan(s)' explanation of benefits with the bill. *If the worker has no health benefit plan, the workers' compensation insurer is not required to pay for interim medical benefits.*"

OAR 436-009-0035 (emphasis added). The rule sets out the procedures for the payment of medical bills for interim medical expenses—*i.e.*, expenses incurred pending acceptance or denial of the claim. The italicized text is the subject of the dispute in this case.

With the foregoing statutes and rules in mind, we turn to the facts of this case. Claimant filed a workers' compensation claim for an injury that occurred on July 28, 2005. Transportation Insurance Co. (insurer) denied the claim on September 2, 2005. Between July 28, 2005 and September 2, 2005, claimant had incurred medical bills for treatments related to the injury. It is undisputed that claimant is not covered by a health insurance plan. Insurer paid some of the expenses incurred before its denial, but it denied the remainder, contending that no further payments were due because claimant has no health benefit plan.

The matter came before the director. The director, relying on ORS 656.247 and OAR 436-009-0035(7), upheld the denial, explaining that, when a claim is denied, a worker who does not have a health benefit plan is not entitled to payment of medical expenses incurred pending acceptance or denial of the claim.

■       On judicial review, claimant contends that the rule on which the director relied exceeds the scope of ORS 656.247. Insurer asserts that the rule is consistent with the statute, especially when understood in the light of the legislative history of the statute.

The dispute in this case thus concerns the interplay of ORS 656.247(1) and (4), in particular, the significance of the requirement in ORS 656.247(1) that benefits be paid "in accordance with subsection (4)." In claimant's view, ORS 656.247(1) lists medical benefits that are payable for *all*

workers pending acceptance or denial of the claim, and the requirement that those benefits be paid "in accordance with subsection (4)" simply refers to the *order of liability* for those payments set out in that statute. As claimant understands ORS 656.247(4)(b), it requires that, when a claim is denied and the worker has a health benefit plan, the health benefit plan is to be billed first, and the workers' compensation insurer is to pay the balance. Logically, claimant contends, when the worker is uninsured, there is no health benefit plan to bill first, and the workers' compensation insurer will be responsible for the full bill. Claimant contends that there is nothing in either the text or context of ORS 656.247 that supports the director's interpretation that, when the worker has no health benefit plan, the worker is not entitled to payment of any medical expenses incurred on a denied claim pending acceptance or denial of the claim.

Insurer takes the view that, when read together, ORS 656.247(1) refers to benefits that are payable "in accordance with" ORS 656.247(4); that means that payment of medical expenses on denied claims is allowed *only* if the worker has a health benefit plan, and that the director's administrative rule and its order are consistent with that interpretation.

We address first the significance of the requirement stated in ORS 656.247(1) that benefits be paid "in accordance with" ORS 656.247(4). We recently discussed the meaning of that phrase in *Lenon v. PERB*, 228 Or App 20, 27-28, 206 P3d 1165 (2009):

> "In ordinary parlance, 'accordance' refers to agreement or harmony. *See Webster's Third New Int'l Dictionary* 12 (unabridged ed 2002) (defining 'accordance' as 'AGREEMENT, ACCORD—now used chiefly in the phrase 'in accordance with' and defining 'accord' in part as 'to bring into agreement: RECONCILE, HARMONIZE'). In the law, the term is ordinarily used in a more narrow sense of conformity or compliance. *See, e.g.*, Bryan A. Garner, *A Dictionary of Modern Legal Usage* 14 (2d ed 1995) ('To be in accordance with is to be in conformity or compliance.'). It is commonly used synonymously with 'pursuant to.' *Black's Law Dictionary* 1272 (8th ed 1999) (defining 'pursuant to' as '[i]n compliance with; in accordance with')."

Whether, when it enacted ORS 656.247(1), the legislature intended the phrase to have its ordinary meaning of agreement or harmony, or intended a narrower, legal, meaning of conformity or compliance, it is undisputed that payments for interim medical expenses must be consistent with ORS 656.247(4)(b). The question, then, boils down to what exactly ORS 656.247(4)(b) requires as far as payment of medical expenses.

In our view, that statutory provision is straightforward: If the claim is denied and the worker has a health benefit plan, the health benefit plan shall be the first payer of the allowed medical expenses and the workers' compensation insurer shall pay the balance. ORS 656.247(4)(b) says nothing about payment of benefits if the worker does not have a health benefit plan. Especially when the two sentences of ORS 656.247(4)(b) are read together, it is clear that the subsection describes payment of benefits for workers who have health benefit plans. That supports the director's interpretation that payment "in accordance with subsection (4)" means payments incurred by workers who have a health benefit plan and that interim medical expenses incurred on denied claims are subject to payment only if the worker has health insurance.

Claimant's proposed interpretation—that ORS 656.247(4)(b) describes only the order of liability for medical expenses on a denied claim *when* there is a health benefit plan—is at least plausible, in the sense that it does not contradict the wording of the statute. The legislative history, however, favors the director's interpretation.

In July 2001, when the legislature was considering the provisions of Senate Bill 485A that were ultimately codified at ORS 656.247(1) and (4), John Shilts, the administrator of the Workers' Compensation Division of the Department of Consumer and Business Services, testified before the House Committee on Rules and Redistricting. Shilts explained that workers who had health insurance often had difficulty obtaining medical services pending acceptance or denial of the claim. For claims that were ultimately accepted, Senate Bill 485A was intended to guarantee reimbursement of health insurance providers for medical expenses paid

before the claim was accepted. For workers whose claims were ultimately denied, the health insurer would be the primary payer. For workers whose claims were denied but who had no health insurance, there would be no change in the law and no reimbursement:

> "I mentioned before there's a time frame that insurers have to accept or deny a claim * * *. During that time frame some workers find it difficult to access full medical services. It's typically not on emergency services; it's the services that follow, prescription medication, those sorts of things. What happens is that the worker falls in between their health insurer being able to provide reimbursement or benefits and the workers' compensation insurer has not accepted the claim either and so it's difficult for the worker to access services * * *. This bill would guarantee payment to the medical service provider associated with some specific areas of medical services such as medication to relieve pain and services to stabilize the worker to prevent further disability. * * * *And it provides that for workers who are covered by a health benefit plan with claims that are ultimately denied, the health insurer will be the primary payer and for any balance the workers' compensation insurer will cover that balance. What this does not do is provide full payment for uninsured workers. And basically for uninsured workers it would make no change from the current law.*"

Testimony, House Committee on Rules and Redistricting, SB 485A, June 15, 2001 (statement of John Shilts) (emphasis added). Under the then-current law, when a claim was denied, there was no entitlement to payment of medical expenses incurred pending acceptance or denial of a claim. Shilts's testimony makes clear that for uninsured workers, that would remain the same.

■ Based on both the text and legislative history of ORS 656.247(1) and (4), *see State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009), we conclude that a worker is entitled to payment for medical expenses incurred before the denial of a claim only if the worker has health insurance. The department's administrative rule, OAR 436-009-0035(7), is therefore consistent with the statute.

Claimant contends that even if ORS 656.247 does make a distinction between workers who have health insurance and those who do not, such a distinction is inconsistent

with the policy of the workers' compensation law to "provide a fair and just administrative system for delivery of medical and financial benefits to injured workers." ORS 656.012(2)(b). Claimant notes, further, that ORS 656.262(4) requires payment of interim temporary *disability* benefits for all workers, not just those with health insurance, suggesting that the requirement for payment of medical services should be similarly applied. There is no inherent inconsistency between providing interim *disability* compensation to all workers who are injured—regardless of the compensability of the injury—but limiting the availability of interim compensation for medical services on denied claims to workers who have insurance to cover those benefits. It is not our place to question the legislature's policy in making such a distinction. *See Rodriguez v. The Holland, Inc.*, 328 Or 440, 446, 980 P2d 672 (1999) ("This court's statutory construction methodology, not policy considerations, guide [our] inquiry.").

Affirmed.